IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| **651 PORTER STREET DEVELOPMENT,** | § § § | |
| *Plaintiff*, | § § | |
| vs. | § § | **CIVIL ACTION** NO. _____ |
| **ALLSTATE INSURANCE COMPANY AND JEFF PRIEST** | § § § § | |
| *Defendants.* | § | |

## DEFENDANT ALLSTATE INSURANCE COMPANY'S NOTICE OF REMOVAL

TO THE HONORABLE COURT:

Pursuant to 28 U.S.C. Sections 1441 and 1446, Defendant Allstate Insurance Company ("Allstate" or "Defendant") in Cause No. 2017CI15010, pending in the 57th Judicial District Court of Bexar County, Texas, files this Notice of Removal from that court to the United States District Court for the Western District of Texas, San Antonio Division, on the basis of diversity of citizenship and amount in controversy and respectfully shows:

## I.
## PROCEDURAL BACKGROUND

1.1     Plaintiff, 651 Porter Street Development ("Plaintiff") filed its Original Petition in the matter styled *651 Porter Street Development v. Allstate Insurance Company and Jeff Priest*, Cause No. 2017CI15010, in the 57th Judicial District Court of Bexar County, Texas on August 14, 2017. Plaintiff incorrectly alleges that its "commercial property" was damaged by a storm on

or about May 10, 2017. The insurance claim that gives rise to this lawsuit actually involved theft/vandalism claim that damaged Plaintiff's commercial property, not a "storm claim" as alleged throughout Plaintiff's Original Petition. Plaintiff alleges it reported a claim to Allstate and that Allstate assigned Jeff Priest to "adjust" the claim. *Original Petition* at ¶11. Plaintiff claims Allstate is liable for breach of contract and breach of the prompt payment of claims statute, and that both Defendants are liable for breach of unfair settlement practices / bad faith and for violations of the Texas Insurance Code.

1.2     Allstate was served with the citation and Original Petition by certified mail on August 28, 2017 and Jeff Priest was served with the citation and Original Petition by certified mail on August 29, 2017.

1.3     Defendant Allstate files this Notice of Removal within the thirty-day time period required by 28 U. S. C. Section 1446(b).

1.4     All pleadings, process, orders, and other filings in the state court action are attached to this Notice as required by 28 U.S.C. §1446(a). A copy of this Notice is also concurrently being filed with the state court and served upon the Plaintiff.

1.5     As required by 28 U.S.C. § 1446(a), attached hereto as Exhibit "1" is the Index of State Court Documents. A copy of the Bexar District Clerk's file for this case is attached as Exhibit "2", which includes true and correct copies of all executed process, pleadings and orders, and a copy of the case information sheet.

## II.
## BASIS FOR REMOVAL

2.1   Removal is proper based upon diversity of citizenship between the proper parties under 28 U.S.C. §§ 1332(a)(1), 1441(a), and 1446.

### A.   THE PROPER PARTIES ARE OF DIVERSE CITIZENSHIP

2.2   Upon information and belief, and as plead in its Original Petition, Plaintiff 651 Porter Street Development is a Texas limited liability company with its principal place of business in Texas and based on Plaintiff's allegations, it appears Plaintiff is a citizen of Texas for diversity purposes. *See* Plaintiff' Original Petition at ¶1, p.1.

2.3   Defendant Allstate is an Illinois corporation with its principal place of business in Illinois and is a citizen of the State of Illinois for diversity purposes. Accordingly, Allstate is of diverse citizenship to Plaintiff.

2.3   Defendant Jeff Priest ("Priest") is, and was at the time the lawsuit was filed, a resident and citizen of the State of Texas. With respect to the claims against Priest, however, it is Allstate's position that he has been improperly joined in this action and that he is not a proper party. Therefore, as explained below, the Court should disregard Priest's Texas citizenship for the purposes of evaluating diversity in this matter.

### B.   PRIEST WAS IMPROPERLY AND/OR FRAUDULENTLY JOINED IN THIS LAWSUIT AND SHOULD BE DISMISSED

2.6   Plaintiff's decision to sue Priest in this matter is an abusive tactic aimed solely at manipulating the forum and depriving Allstate of its Constitutionally-created right to have this dispute adjudicated in federal court. The undisputable facts show that Priest timely inspected Plaintiff's property at Allstate's direction; that he provided an estimate of the damages he

observed to Allstate; and that he had no role in determining coverage under the insurance policy or communicating Allstate's coverage position to Plaintiff. Plaintiff's alleged disagreement with the amount of Priest's estimate does not give rise to a viable claim against Priest under the Insurance Code or any other law, and Plaintiff has not plead facts that could demonstrate any reasonable basis for recovery against Priest. Accordingly, Priest has been improperly joined and the Court should disregard his Texas citizenship, maintain jurisdiction over this matter, and dismiss Priest from this suit.

### 1. Applicable Standard for Improper Joinders

2.7     The doctrine of improper joinder ensures that the presence of an improperly joined, non-diverse defendant does not defeat federal removal jurisdiction premised on diversity. *See Borden v. Allstate Ins. Co.*, 589 F.3d 168, 171 (5th Cir. 2009). The removing party bears the burden of demonstrating improper joinder. *See id.* (citing *Griggs v. State Farm Lloyds*, 181 F.3d 694, 699 (5th Cir.1999)).

2.8     The Fifth Circuit has explained that a removing party can establish improper joinder by demonstrating either: "(1) actual fraud in the pleading of jurisdictional facts, or (2) the inability of the plaintiff to establish a cause of action against the non-diverse party in state court." *Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d 568, 573 (5th Cir.2004) (en banc). Under the second prong, the test for improper joinder is whether the defendant has demonstrated that "there is no reasonable basis for the district court to predict that the plaintiff might be able to *recover* against an in-state defendant." *Id.* at 573 (emphasis added). The Fifth Circuit's *en banc* decision in *Smallwood* unequivocally adopted this phrasing as the test for fraudulent joinder. *Id.* ("To

reduce possible confusion, we adopt this phrasing of the required proof *and reject all others*, whether the other appear to describe the same standard or not.") (emphasis added).

2.9    A court may resolve the issue of whether a plaintiff has a reasonable basis of recovery in one of two ways. *Id.* "'The court may [either] conduct a Rule 12(b)(6)-type analysis . . . [or], in its discretion, pierce the pleadings and conduct a summary inquiry.'" *Int'l Energy Ventures Mgmt., L.L.C. v. United Energy Grp.*, Ltd., No. 14-20552, 2016 WL 1274030, at *8 (5th Cir. Mar. 31, 2016) (quoting Smallwood, 385 F.3d at 573).

2.10   If a court chooses to apply the 12(b)(6) analysis, then it will initially look "at the allegations of the complaint to determine whether the complaint states a claim under state law against the in-state defendant." *Smallwood*, 385 F.3d at 573.  In *International Energy Ventures Management., L.L.C. v. United Energy Group.*, the Fifth Circuit confirmed that the court must "apply the federal pleading standard embodied in that analysis," when evaluating whether Plaintiff's pleadings state a plausible claim under state law against the non-diverse defendant. *Id.* at *8.

2.11   According to the federal pleading standard, "[a] complaint must have contained 'enough facts to state a claim to relief that is plausible on its face.'" *Id.* at *3 (quoting *Reece v. U.S. Bank Nat'l Ass'n*, 762 F.3d 422, 424 (5th Cir. 2014) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 547 (U.S. 2007).  The Court need not credit naked conclusory allegations or "a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 570.  "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).  And "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Id.* (citing 5 C. Wright & A. Miller,

Federal Practice and Procedure §1216, pp. 235–236 (3d ed. 2004) ("[T]he pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action")). "When the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," then the claim has facial plausibility. *Iqbal*, 556 U.S. at 663.

### 2. The Facts of this Case Demonstrate Plaintiff has no Factual or Legal Basis for Recovery against Priest

2.12   The facts in this case demonstrate that Plaintiff's claim was reported on May 11, 2017, and that Allstate assigned its adjuster, Jeff Priest, to inspect the property and prepare an estimate for Allstate. Priest contacted the insured on May 16, 2017 and arranged to inspect the property on May 17, 2017 – less than a week after the loss was reported. *See* Exhibit 6. Priest photographed the exterior and interior conditions he identified during his inspection and provided his photos and observations to Allstate. After discussing the conclusions of Priest, Allstate employee, Katheryn Barnes advised Plaintiff the roof was repairable and that Allstate would cover the repair cost. *See* Exhibit 7. At no point was Priest involved in making a coverage decision under the policy or communicating Allstate's coverage position to Plaintiff. Priest's only role was to photograph and report the conditions he observed to Allstate. For this reason alone, there are no facts that could plausibly support a claim against Priest under the Insurance Code. *Id.*

2.13   Additionally, Plaintiff's failure to plead any actionable claims against Priest is underscored by Plaintiff's failure to comply with the pre-suit notice requirements set forth in Section 541.154 of the Texas Insurance Code. Section 541.154(a) and (b), requires "a person

seeking damages in an action against another person, […] must provide written notice to the other person not later than the 61st day before the date the action is filed.  The notice must advise the other person of: (1) the specific complaint; and (2) the amount of actual damages and expenses, including attorney's fees reasonably incurred asserting the claim against the other person."  In this case, Plaintiff has never provided Allstate or Priest with any indication of the amount of damages Plaintiff is claiming and therefore Plaintiff has no facts to support the allegations that Priest and/or Allstate undervalued or improperly investigated its claim.  To the contrary, Allstate has paid Plaintiff for the undisputed damages and advanced additional funds to Plaintiff to hire an HVAC/electrical contractor to evaluate the scope of additional damages, but Plaintiff filed suit without ever presenting the requested estimate for damages and without providing the required pre-suit notice of its claims.  *See* Exhibit 7 (letter and estimate from Allstate to Plaintiff explaining partial payment for undisputed damages, explaining that funds were being advanced to hire a qualified contractor to prepare an estimate for the additional damages, and requesting that Plaintiff provide Allstate with the additional estimates for repair of the HVAC and wiring allegedly damaged during the attempted theft).  Accordingly, Plaintiff's failure to comply with the Insurance Code's pre-suit notice requirements further supports Allstate's position that Plaintiff's sole purpose in including Priest as a party to this lawsuit was to improperly defeat diversity jurisdiction.

      **3.     The Factual Allegations contained in Plaintiff's Original Petition provide no Reasonable Basis to predict Plaintiff could recover against Priest**

2.14    Not only do the facts of this insurance claim, as briefly explained above, demonstrate that Priest did not make any representations about insurance coverage or policy

---

**DEFENDANT ALLSTATE INSURANCE COMPANY'S NOTICE OF REMOVAL**      **Page 7**
2826783v2
03647.266

language to Plaintiff, but Plaintiff's Original Petition also fails to articulate how the conduct of Priest constitutes a plausible cause of action against him. *See McClelland v. Chubb Lloyd's Ins. Co. of Tex., et al.*, 2016 WL 5791206, at *3 (W.D. Tex. Sept. 30, 2016) ("Plaintiff has failed to allege, however, that [defendant] had authority to settle plaintiffs' claim, and therefore cannot establish this cause of action against [defendant]"). Plaintiff's generic allegations about the undifferentiated conduct of "Allstate and Mr. Priest" set forth in pages 3 through 8 of Plaintiff's Original Petition fail to provide any facts capable of stating a plausible claim against Priest under Federal pleading standards. *See* Original Petition attached hereto as Exhibit 2 at pp. 4-8.

2.15   "[M]erely lumping diverse and non-diverse defendants together in undifferentiated liability averments of a petition does not satisfy the requirement to state specific actionable conduct against the non-diverse defendant." *Plascencia v. State Farm Lloyds and Feliciano Gallegos*, No. 4:14-CV-524-A (N.D. Tex. Sept. 25, 2014) (citing *Studer v. State Farm Lloyds*, 2014 WL 234352, at *4). Accordingly, the Court should give no effect to Plaintiff's generic global allegations directed toward "adjuster Defendant," and should conclude that such allegations fail to state an actionable claim with respect to Priest and do not support his joinder as a defendant in this case.

2.16   Furthermore, as explained by the court in *Plascencia*, the other allegations against Priest in the present matter are also insufficient because they are too conclusory to demonstrate a plausible right to relief. *See* generally Exhibit 2. Like the generic allegations against Priest set forth in Plaintiff's Original Petition in this lawsuit, the only specific allegations against adjuster Feliciano Gallegos in *Plascencia* were as follows:

> Defendant Gallegos improperly adjusted the Plaintiff's claim. Defendant Gallegos conducted a substandard inspection, which is evidenced in his report, which failed to include many of Plaintiff's damages. His estimate did not allow adequate funds to cover repairs to restore Plaintiff's home. Without limitation, Gallegos misrepresented the cause of, scope of, and cost to repair the damage to Plaintiff's Property, as well as the amount of and insurance coverage for Plaintiff's claim/loss under Plaintiff's insurance policy. Gallegos made these and other misrepresentations to Plaintiff as well as to State Farm. Plaintiff and State Farm both relied on Gallegos's misrepresentations, including but not limited those regarding the cause of, scope of, and cost to repair the damage to Plaintiff's Property, and Plaintiff has been damaged as a result of such reliance. Gallegos's misrepresentations caused State Farm to underpay Plaintiff on his insurance claim and, as such, Plaintiff has not been able to properly and completely repair the damages to Plaintiff's property. This has caused additional, further damage to Plaintiff's property.

*Id.* at p. 4. The court in *Plascencia* concluded that these allegations are mere conclusory allegations that lack the factual specificity that would enable the court to infer that plaintiff has a plausible right of relief against the adjuster defendant. Because the "factual" allegations against Priest in this case are nearly identical and therefore equally vague and conclusory, the Court should also conclude that Priest was improperly joined because Plaintiff's allegations against him fail to establish a plausible right to recover against him. *Id*; *see also Barrera v. Allstate Ins. Co.*, 2017 WL 3274469 *10-11 (W.D. Tex. 2017) (slip copy) (finding virtually identical allegations against a non-diverse independent adjuster to be "clearly inadequate to state a claim against the [non-diverse adjuster]" and finding improper joinder); *Weldon Contractors, Ltd. v. Fireman's Fund Ins. Co.*, No. 4:09-cv-165-A, 2009 WL 1437837 at *4 (N.D. Tex. May 22, 2009) (finding factual allegations against an individual adjuster were insufficient); *Jones v. Allstate Ins. Co.*, No. 3:13-cv-4027-BN, 2014 WL 415951 (N.D. Tex. Feb. 4, 2014) (finding improper joinder because "simply stating that 'Defendants' made misrepresentations, failed to

comply with the law, or refused to perform a duty under the law is not sufficient"); *Messersmith v. Nationwide Mut. Fire Ins. Co.*, 3:13-CV-4101-P, 2014 WL 1347872 (N.D. Tex. Apr. 7, 2014) (allegations of misrepresentations about the facts giving rise to a claim were not sufficient to state claim for violations of the Texas Insurance Code).

2.17  Plaintiff's allegations against Priest for violations of the Texas Insurance Code also fail to demonstrate a reasonable basis to recover against him because Plaintiff fails to allege that Priest's alleged misrepresentations related to the "coverage at issue" or the details of Plaintiff's insurance policy with Allstate. As explained by Judge Sidney Fitzwater of the United States District Court for the Northern District of Texas in *One Way Investments, Inc. v. Century Surety Company, et al.*, 2014 WL 6991277 (N.D. Tex. 2014), the type of allegations alleged against Priest, all of which must relate to his inspection (since that is all Priest did), are not actionable under the Texas Insurance Code because they do not relate to misrepresentations about coverage provided by the terms of the policy.[1]

2.18  Like this case, *One Way* involved a dispute over damage to One Way's property. *Id.* at *1. Like the present matter, Century Surety Company, as One Way's commercial property insurer, assigned VeriClaim as the independent adjusting company to inspect the property and VeriClaim assigned Mattoni as the field adjuster. *Id.* After a dispute arose over the scope of damages, One Way filed suit against Century, VeriClaim, and Mattoni claiming the defendants misrepresented the damage to the property and committed various violations of the Texas Insurance Code. *Id.* at *2.

---

[1] Attached as Exhibit 4.

2.19     As Plaintiff has alleged with respect to Priest in this case, *One Way* alleged that the non-diverse independent adjuster Mattoni failed to conduct a reasonable investigation and substantially underestimated and underscoped the damages. *Id*. at p. 7. The court considered whether such allegations could support a claim under the sections of the Texas Insurance Code identified in One Way's state court petition and concluded they could not.

2.20     The conclusions reached by the courts in *Barrera, One Way* and *Plascencia* are not isolated holdings either. Rather, there is a large body of authority from other federal courts in Texas, also finding improper joinder of adjusters where the factual allegations against them fail to fit the criteria for an actionable claim under the Texas Insurance Code. *See*, *e.g.*, *See McClelland v. Chubb Lloyd's Ins. Co. of Tex., et al.*, 2016 WL 5791206, at *3 (W.D. Tex. Sept. 30, 2016) (denying motion to remand and granting independent adjuster's motion to dismiss based on improper joinder); *Slabaugh v. Allstate Insurance Company*, No. 4:15-cv-115, 2015 WL 4046250 (E.D. Tex. June 30, 2015) (holding that while "it is undisputed that [the adjuster] inspected the property and provided Allstate with an estimation of damages. There are no allegations that [the adjuster] misrepresented the coverage in any way or that Plaintiff relied on any misrepresentations to her detriment."); *Davis v. Allstate Ins. Co. of Texas*, No. 2015 WL 456726 (N.D. Tex. 2015); *Dalton v. State Farm Lloyds*, No. 2013 WL 3157532, at *19 (S.D. Tex. 2013); *First Baptist Church of Mauriceville, Tex. v. GuideOne Mut. Ins. Co*., No. 1:07-CV-988, 2008 WL 4533729 at *6 (E.D. Tex. 2008); *Broadway v. Brewer*, No. 4:08-cv-475, 2009 WL 1445449 at *3 (E.D. Tex. 2009); *Glen Willows Apartments v. Lexington Ins. Co.*, 2011 WL 1044206 (S.D. Tex. 2011); *Centro Cristiano Cosecha Final*, 2011 WL 240335 at *14 (S.D. Tex. 2011); *Van Tassel v. State Farm Lloyds*, 2013 WL 5152324 (S.D. Tex. 2013) (allegations that an

inspector conducted a substandard investigation that led to an underpayment of claims found to be indistinguishable from claims against the insurer).

2.21   These courts have consistently found improper joinder and declined to remand cases where, as here, the allegations against the adjuster were minimal, and only related to independent adjuster's determination of the scope of damage, not the application of insurance coverage. *See, e.g., Dalton*, 2013 WL 3157532, at *19.  Accordingly, because Plaintiff's claims against Priest in this suit are nearly identical to the generic and conclusory claims in the authorities referenced above, and because the allegations simply cannot withstand scrutiny under Federal law, the Court should conclude, as other courts have done in virtually identical circumstances before, that Priest has been improperly joined.

2.22   Furthermore, Texas federal district courts have also consistently held that "[c]laims alleging violations of the Texas Insurance Code and the DTPA and those asserting fraud, fraudulent inducement, fraudulent concealment, and negligent misrepresentation are subject to the requirements of [Federal Rule] Rule 9(b)." *Frith v. Guardian Life Ins. Co. of Am.*, 9 F. Supp. 2d 734, 742 (S.D. Tex. 1998) (applying Rule 9(b) "to all cases where the gravamen of the claim is fraud even though the theory supporting the claim is not technically termed fraud."); *see also Barrera v. Allstate Ins. Co.*, 2017 WL 3274469 at *11; *Weidner v. Nationwide Prop. & Cas. Ins. Co.*, No. 4:13-CV-263, 2014 WL 8397281, at *5 (E.D. Tex. June 6, 2014) adopted in 2014 WL 8494527 (E.D. Tex. Aug. 19, 2014); *Atl. Cas. Ins. Co. v. Primelending, A Plainscapital Co.*, No. 3:15-CV-1475-D, 2016 WL 1322235, at *2 (N.D. Tex. Apr. 5, 2016); *Bige, Inc. v. Penn-Am. Ins. Co.*, No. 1-15-CV-292 RP, 2015 WL 5227726, at *4 (W.D. Tex. Sept. 8, 2015) ("Texas district courts, however, consistently apply Rule 9(b)'s requirements to

claims under the Texas Insurance Code and DTPA."). Rule 9(b) of the Federal Rules of Civil Procedure imposes a heightened pleading standard, which requires that plaintiffs "state with particularity the circumstances constituting fraud . . . ." FED. R. CIV. P. 9(b). "At a minimum, [this] requires that a plaintiff set forth the 'who, what, when, where, and how' of the alleged fraud." *U.S. ex rel. Williams v. Bell Helicopter Textron Inc.*, 417 F.3d 450, 453 (5th Cir. 2005) (citing *United States ex. Rel. Thompson v. Columbia/HCA Healthcare Corp.*, 125 F.3d 899, 903 (5th Cir. 1997)). "The court's key concern in assessing a complaint under Rule 9(b) is to determine whether the plaintiff seeks to redress specific wrongs or whether the plaintiff instead seeks the opportunity to search out actionable wrongs." *Atl. Cas. Ins. Co. v. Primelending, A Plainscapital Co.*, No. 3:15-CV-1475-D, 2016 WL 1322235, at *3 (N.D. Tex. Apr. 5, 2016).

    2.23    Here, Plaintiff alleges that the "adjuster Defendant" knowingly engaged in a laundry list of unfair claims settlement practices under the Insurance Code.[2] Original Petition at pp. 6-7. These allegations are nothing more than threadbare recitals of statutory language, supported by mere conclusory allegations, and Plaintiff does not specify when the alleged knowing and intentional representations were made, where the representations were made, and in what context they were made. Plaintiff's petition fails to state when, where, and how Priest fraudulently violated the Texas Insurance Code, and does not even correctly describe the type of insurance claim that gives rise to this lawsuit. Thus, Plaintiff does not specify any of the particulars that Rule 9(b) requires.

---

[2] Under Texas law, a defendant commits a knowing violation of the Insurance Code or DTPA when, at the time of the act or practice complained of, he acts with actual awareness of the falsity, deception, or unfairness of the act or practice. *See Brown and Brown v. Omni Metals, Inc.*, 317 S.W.3d 361, 395 (Tex. App.-Houston [1st Dist.] 2010, pet. Denied).

2.24   Finally, as the court explained in *Plascencia*, there does not appear to be any reason why Plaintiff needed to join Priest as a defendant other than to defeat diversity jurisdiction, and there is no suggestion or allegation that a recovery by Plaintiff against Priest would provide any financial gain or otherwise improve his ability to recover the damages alleged in the Original Petition.

2.25   For these reasons, it is clear that Priest has been improperly joined for the sole purpose of preventing the exercise of diversity jurisdiction over this case. Therefore, the court should disregard Priest's Texas citizenship and find that there is diversity of citizenship between the proper parties because Plaintiff is a citizen of Texas and Allstate is a citizen of Illinois.

### C.   THE AMOUNT IN CONTROVERSY EXCEEDS THE JURISDICTIONAL REQUIREMENTS FOR SUBJECT MATTER JURISDICTION.

2.26   The amount in controversy requirement for Federal diversity jurisdiction is clearly satisfied in this case as evidenced by Plaintiff's Original Petition in which Plaintiff expressly alleges that it "seeks monetary relief over $100,000 but not more than $200,000." *See* Original Petition at page 2. This amount clearly exceeds the jurisdictional requirements for subject matter jurisdiction, and demonstrates that the amount in controversy requirement is satisfied.

## III.
## THE REMOVAL IS PROCEDURALLY CORRECT

3.1   Defendant Allstate was served with Plaintiff's Original Petition by certified mail on August 28, 2017. Defendant Allstate files this notice of removal within the 30-day time period required by 28 U.S.C. § 1446(b).

3.2   Venue is proper in this District and Division under 28 U.S.C. §1446(a) because this District and Division include the county in which the state action has been pending and

because a substantial part of the events giving rise to Plaintiff's claims allegedly occurred in this District and Division.

3.3     Pursuant to 28 U.S.C. §1446(a), all pleadings, process, orders, and all other filings in the state court action are attached to this Notice.

3.4     Pursuant to 28 U.S.C. §1446(d), promptly after Defendant files this Notice, written notice of the filing will be given to Plaintiff, the adverse party.

3.5     Pursuant to 28 U.S.C. §1446(d), a true and correct copy of this Notice of Removal will be filed with the Clerk of the Bexar County District Court, promptly after Defendant files this Notice.

3.6     Although Priest's consent to removal is not required because he has been improperly joined in this matter, Defendant Priest nevertheless consents to the removal of the state court action styled *651 Porter Street Development v. Allstate Insurance Company and Jeff Priest*, Cause No. 2017CI15010, in the 57th Judicial District Court of Bexar County, Texas, to the United States District Court for the Western District of Texas, San Antonio Division.

## IV.
## DOCUMENTS AND EXHIBITS ACCOMPANYING REMOVAL

4.1     Simultaneously with the filing of this Notice of Removal, attached hereto as Exhibit "1" is an index of all documents filed in the state court action and a copy of each document.

4.2     Attached hereto as Exhibit "2" is a copy of the Case Information Sheet of the case pending in 57th Judicial District Court of Bexar County, Texas.

4.2A    Attached hereto as Exhibit "2A" is a copy of Plaintiff's Original Petition.

      4.2B    Attached hereto as Exhibit "2B" is a copy of the return receipt for Jeff Priest signed by J. Dye on August 29, 2017.

      4.2C    Attached hereto as Exhibit "2C" is a copy of the return receipt for Allstate Insurance Company signed by Chris Wells on August 28, 2017.

      4.2D    Attached hereto as Exhibit "2D" is Jeff Priest's Original Answer to Plaintiff's Original Petition dated September 25, 2017.

      4.3    Attached hereto as Exhibit "3" is a copy of the Memorandum Opinion and Order in case styled *Jose Plascencia v. State Farm Lloyds and Feliciano Gallegos*.

      4.4    Attached hereto as Exhibit "4" is a copy of the Memorandum Opinion and Order in case styled *One Way Investment, Inc. v. Century Surety Company, et al.*

      4.5    Attached hereto as Exhibit "5" is Jeff Priest's Consent to Removal.

      4.6    Attached hereto as Exhibit "6" is Priest's inspection photos and estimate dated May 17, 2017.

      4.7    Attached hereto as Exhibit "7" is Allstate's letter dated May 24, 2017 explaining its coverage position and payment based on the inspection photos and analysis obtained by Priest.

## V.
## CONCLUSION

Based upon the foregoing, and other documents filed contemporaneously with this Notice of Removal and fully incorporated herein by reference, Defendant Allstate Insurance Company hereby removes this case to this court for trial and determination.

Respectfully submitted,

*/s/Daniel P. Buechler*
Daniel P. Buechler
State Bar No. 24047756
Roy Mathews
State Bar No. 24083459

THOMPSON, COE, COUSINS & IRONS, L.L.P.
700 N. Pearl Street, 25th Floor
Dallas, Texas 75201
Telephone: (214) 871-8200
Facsimile: (214) 871-8209
Email: dbuechler@thompsoncoe.com
Email: rmathews@thompsoncoe.com

**ATTORNEYS FOR DEFENDANT**
**ALLSTATE INSURANCE COMPANY**

CERTIFICATE OF SERVICE

I hereby certify that on September 27, 2017, I served the following document on counsel for Plaintiff via electronic notice and certified mail, return receipt requested:

Marc K. Whyte
WHYTE PLLC
1045 Cheever Blvd, Suite 103
San Antonio, Texas 78217

*/s/Daniel P. Buechler*
Daniel P. Buechler