UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| 651 PORTER STREET DEVELOPMENT, | ) | |
| | ) | |
| *Plaintiff*, | ) | |
| | ) | |
| *v.* | ) | |
| | ) | Civil Action No.  SA-17-CA-953-XR |
| | ) | |
| ALLSTATE   INSURANCE   COMPANY, | ) | |
| JEFF PRIEST, | ) | |
| | ) | |
| *Defendants.* | ) | |

**ORDER**

On this date, the Court considered the status of the above-captioned case. After reviewing the parties' briefing and the applicable law, the Court hereby DENIES Plaintiff's Motion to Remand to State Court. Docket no. 5.

**BACKGROUND**

Plaintiffs filed its Original Petition in the 57th Judicial District Court of Bexar County, Texas on August 14, 2017. Docket no. 1-5. Plaintiff brings various claims related to an alleged insurance claim following a hail storm. *Id.*

Plaintiff, a citizen of Texas for diversity purposes, alleges that on May 10, 2017, a storm damaged its commercial property, and Plaintiff subsequently filed a claim on its insurance policy. *Id.* at 3. Plaintiff names as Defendants Allstate Insurance Company ("Allstate"), an Illinois corporation with its principal place of business in Illinois, and Jeff Priest, a licensed insurance adjuster who is a citizen of Texas. *Id.* at 1. Plaintiff states that Defendants improperly denied its claim by stating that no hail/wind damage was evident on the property. *Id.* at 3.

1

Plaintiff alleges that Priest was assigned as an individual adjuster on the claim, "conducted a substandard investigation and inspection of the property, prepared a report that failed to the include all of the damages that he noted during the inspection, and undervalued the damages he observed during the inspection." *Id.* Plaintiff alleges that Priest made material misrepresentations related to the policy and that Priest's unreasonable investigation led to the denial of its insurance claim. *Id.* at 3–6. Plaintiff further alleges that Defendants performed an outcome-oriented investigation of its claim, "which resulted in a biased, unfair and inequitable evaluation of Plaintiff's losses on the property." *Id.* at 3.

Plaintiff brings claims for breach of contract, prompt payment of claims under the Texas Insurance Code, and breach of duty of good faith and fair dealing against Allstate. *Id.* at 3–4, 8. Plaintiff also brings claims against both Defendants for unfair settlement practices and/or bad faith. *Id.* at 5–6.

On September 27, 2017, Allstate removed the case to this Court, alleging diversity of citizenship between the proper parties. Docket no. 1. Given that Plaintiff and Priest are both citizens of Texas, Allstate argues that Priest is improperly joined. *Id.* There is no dispute that Plaintiff seeks damages of more than $75,000. On October 26, 2017, Plaintiff filed its Motion to Remand to State Court, now pending before the Court. Docket no. 5.

## ANALYSIS

### I.     Legal Standard

"[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or defendants, to the district court of the United States for the district and division embracing the place where such action is

pending." 28 U.S.C. § 1441(a). On a motion to remand, the court must consider whether removal was proper. In order for removal to be proper, a district court must have original jurisdiction over the removed action. *See id.*

Federal district courts have original jurisdiction over civil actions if the parties are diverse and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a). There is no dispute regarding the amount in controversy, which is alleged to be in excess of $75,000. Docket no. 1. Further, there are no disputes regarding the states of citizenship of any of the parties.

A defendant may remove a case with a non-diverse defendant to a federal forum if the non-diverse defendant is improperly joined. *Smallwood v. Illinois Cent. R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004). There are two ways to establish improper joinder: "(1) the plaintiff *has* stated a claim against a diverse defendant that he fraudulently alleges is non[-]diverse, or (2) the plaintiff *has not* stated a claim against a defendant that he properly alleges is non[-]diverse." *Int'l Energy Ventures Mgmt., L.L.C. v. United Energy Grp., Ltd.*, 818 F.3d 193, 199 (5th Cir. 2016) (citing *Smallwood*, 385 F.3d at 573) (emphasis in original). Because Priest is in fact non-diverse, the second type of improper joinder is at issue, and the Court must determine whether Plaintiff has stated a cause of action against him. *See id.*

The burden of demonstrating improper joinder is a heavy one and is placed on the party seeking removal. *See McDonal v. Abbott Labs.*, 408 F.3d 177, 183 (5th Cir. 2005). In order to meet this burden, the removing party must show that there is no reasonable basis to predict that the plaintiff might be able to recover against a non-diverse defendant. *See Int'l Energy*, 818 F.3d at 199; *see also Smallwood*, 385 F.3d at 573 ("[T]he test for fraudulent joinder is whether the defendant has demonstrated that there is no possibility of recovery by the plaintiff against an in-state defendant.").

In determining whether joinder was proper, the focus is on the joinder, not on the merits of the case. *Smallwood*, 385 F.3d at 573. The Fifth Circuit requires that courts use a Rule 12(b)(6)-type analysis when determining whether a plaintiff may reasonably recover. *Int'l Energy*, 818 F.3d at 202; *see Smallwood*, 385 F.3d at 573 ("If a plaintiff can survive a Rule 12(b)(6) challenge, there is no improper joinder."). Further, the court must resolve "all . . . factual allegations," "all contested issues of substantive fact," and "all ambiguities in the controlling state law" in the plaintiff's favor. *Guillory v. PPG Indus., Inc.*, 434 F.3d 303, 308 (5th Cir. 2005) (quoting *B., Inc. v. Miller Brewing Co.*, 663 F.2d 545, 549 (5th Cir. 1981)) (internal quotation marks omitted). In other words, "any doubt about the propriety of removal must be resolved in favor of remand." *Gasch v. Hartford Acc. & Indem. Co.*, 491 F.3d 278, 281–82 (5th Cir. 2007). Applying these principles, the question for the court becomes whether there is "arguably a reasonable basis for predicting that the state law might impose liability on the facts involved." *Miller*, 663 F.2d at 550

## II.    Application

Plaintiff brings a claim against Priest for making misrepresentations in violation of the Texas Insurance Code §§ 541.002, 541.060, 541.061, and 541.003. Allstate argues, however, that Priest is improperly joined because Plaintiff fails to state a plausible claim against Priest under the Texas Insurance Code.

Under the Texas Insurance Code, it is an "unfair method of competition or an unfair or deceptive act or practice in the business of insurance to engage" in certain unfair settlement practices "with respect to a claim by an insured or beneficiary," including misrepresenting a material fact or policy provision and failing to attempt in good faith to effectuate a prompt, fair,

and equitable settlement. Tex. Ins. Code § 541.060. Texas law permits adjusters like Priest to be held individually liable for violations of the Texas Insurance Code. *See id.* § 541.002(2); *see also Hornbuckle v. State Farm Lloyds*, 385 F.3d 538, 544 (5th Cir. 2004). But for an adjuster to be held individually liable, the adjuster must have committed an act prohibited by the section, "not just be connected to an insurance company's denial of coverage." *Messersmith v. Nationwide Mut. Fire Ins. Co.*, 10 F. Supp. 3d 721, 724 (N.D. Tex. 2014).

Plaintiff does not identify under which specific provision of § 541.060 it brings a claim against Priest, except that it tracks certain statutory language to make conclusory allegations. To the extent that Plaintiff alleges that Priest failed to attempt in good faith to effectuate a prompt, fair, and equitable settlement under § 541.060(a)(2), or that Priest refused to pay a claim without conducting a reasonable investigation with respect to the claim under § 541.060(a)(7), Plaintiff fails to show that Priest can be held liable. Plaintiff does not sufficiently allege that Priest, as an adjuster, had settlement authority on behalf of Allstate.[1] *See Messersmith*, 10 F. Supp. 3d at 724–25.

The remainder of Plaintiff's claims are made of conclusory and boilerplate statements. Plaintiff alleges that Priest's adjustment "fraudulently, wrongfully, deceptively and negligently denied the claim and undervalued the cost of repair and/or replacement of covered items of damage" to the property." Docket no. 1-5 at 6–7. Plaintiff also alleges that Priest "committed

---

[1] In *Kris Hosp. LLC*, this Court considered the argument that an adjuster could not be held liable because the plaintiff failed to provide facts that showed the adjuster had the authority to settle. *Kris Hosp. LLC v. Tri-State Ins. Co. of Minnesota*, 2017 WL 437424, at *4 (W.D. Tex. Jan. 31, 2017). This Court found that "there is no liability under § 541.060(a)(2) absent the authority to settle"; however, this Court held that the adjuster was not improperly joined because the plaintiff did "allege facts suggesting [the adjuster] had authority to settle" the claim. *Id. Kris Hosp. LLC* is thus different from the present case, where Plaintiff fails to state any factual allegations indicating that Priest had the authority to settle.

various acts and omissions violative of the Texas Insurance Code" and "conducted an outcome-oriented investigation designed to minimize the Plaintiff's claim, and failed to promptly provide the Plaintiff with a reasonable explanation of the basis of the policy in relation to the facts or applicable law for the claim decision." *Id.* at 7. These statements lack any specific details or factual information to support Plaintiff's allegations. As for the only statement that Plaintiff makes with some factual information—that Priest misrepresented the cost of repairing damages caused by the storm, "such as damages to the structure, interior architectural finishes, finish out, improvements and betterments, business income and other extra expenses associated with damage caused by a wind/hail storm"—Plaintiff fails to demonstrate how these actions make Priest liable under § 541, much less under § 542, which Plaintiff loosely mentions without making a claim under any specific provision. Docket no. 1-5 at 6.

Defendant Allstate has met its burden to show that there is no reasonable basis to predict that Plaintiff might be able to recover against Priest. Given that Plaintiff and Priest are both citizens of Texas, Priest is improperly joined, and this Court lacks subject-matter jurisdiction over the claims against him. *Int'l Energy Ventures Mgmt., L.L.C. v. United Energy Group, Ltd.*, 818 F.3d 193, 209 (5th Cir. 2016). Eliminating Priest from the suit creates diversity of citizenship between Plaintiff and Defendant Allstate, satisfying the requirements of diversity jurisdiction.

**CONCLUSION**

For the foregoing reasons, Plaintiff's Motion to Remand (Docket no. 5) is DENIED. Defendant Priest is DISMISSED WITHOUT PREJUDICE as improperly joined.

It is so ORDERED.

SIGNED this 20th day of November, 2017.

XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE